Matthew J. Hall v. Commissioner.
Hall v. Commissioner
Docket No. 45.
United States Tax Court
1948 Tax Ct. Memo LEXIS 121; 7 T.C.M. (CCH) 559; T.C.M. (RIA) 48151; August 11, 1948
*121 Upon the facts which have been stipulated, held, that the sale of certain shares of common stock in the Thompson Automatic Arms Corporation was made by the Borall Corporation as its own property and was not made for the account of petitioner, Matthew J. Hall, Borall Corporation v. Commissioner, 167 Fed. (2d) 865, decided May 4, 1948, followed. George R. Sherriff, Esq., for the petitioner. William A. Schmidt, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion BLACK, Judge: The Commissioner has determined a deficiency in petitioner's income tax for the years 1939 of $3,388.76. The petitioner filed his income tax return for the year 1939 with the collector for the second district of New York. On this return he reported a net income of $34,533.86. The Commissioner in his determination of the deficiency has added to the net income as thus reported by petitioner, "Unallowable deductions and additional income" as follows: (a) Compensation for services
$ 4,960.00
(b) Short term capital gain
2,200.39
(c) Bad debt
5,357.50
(d) Taxes
250.00
Total
$12,767.89
To these adjustments thus made by the respondent, *122 petitioner assigns errors as follows: (A) The Commissioner erred in increasing the amount reported as compensation for services rendered by the sum of $3,960.00. (B) The Commissioner erred in increasing by $78.89 short-term capital gain originally reported. (C) The Commissioner erred in disallowing short-term capital loss originally reported of $2,121.80. (D) The Commissioner erred in disallowing as a bad debt deduction worthless note of M. J. Hall & Company, Inc. in the amount of $5,357.50. (E) The Commissioner erred in reducing deduction for miscellaneous taxes by the sum of $250.00. [The Facts] At the hearing in this proceeding the parties filed a stipulation of facts which, omitting formal parts, reads as follows: 1. The individual income tax return of the petitioner for the taxable year 1939 was filed with the Collector of Internal Revenue for the Second District of New York. 2. The value of the 16,500 shares of Thompson Automatic Arms Corporation stock received by the petitioner as compensation for services rendered was $1.24 per share at date of receipt in 1939 and the adjustment of net income of $3,960, as shown in the deficiency notice, is correct. *123 3. Petitioner transferred certain property to the Borall Corporation in 1939 in exchange for 7,700 shares of preferred stock of the Borall Corporation at a par value of $10 per share and 4,640 shares of common capital stock of the Borall Corporation at $1 par value. 4. The 7,700 shares of the Borall Corporation preferred stock received by petitioner in said exchange had a basis in his hands for the purpose of gain or loss of $2.65714 per share. 5. After receiving the Borall Corporation preferred stock, petitioner transferred 2,500 shares thereof in 1939 to Samuel Ungerleider, which transfer resulted in no gain or loss. 6. Thereafter in 1939, petitioner transferred to Mortimer S. Gordon 350 shares of the Borall Corporation preferred stock, and this transfer resulted in a short-term capital gain to petitioner of $1,470. Petitioner also transferred to Aaron Saphier and/or L. S. Saphier & Co. 120 shares of the Borall Corporation preferred stock in said year and this transfer resulted in a short-term capital gain of $881.14. Said amounts of $1,470 and $881.14 were not reported on the return or taken into account in the deficiency notice. Petitioner now concedes that said amounts *124 should be included in the adjusted net income. 7. After the foregoing transfers, petitioner remained the owner of $4,730 shares of the preferred stock of the Borall Corporation. 8. Petitioner agrees to be bound by the decision of this Court after it has become final in the appeal of the Borall Corporation, Docket No. 2841, now pending in this Court, as to whether the sale of 11,200 shares of the Thompson Automatic Arms Corporation common stock which the Commissioner has determined resulted in a taxable gain of $24,837 to the Borall Corporation during its taxable year ended March 31, 1940, was a sale by the Borall Corporation of its own property, or whether 9,460 of said shares of the Thompson Automatic Arms Corporation stock were sold for the account of Matthew J. Hall, petitioner herein. 9. If in the Borall Corporation case, Docket No. 2841, it is decided that the Borall Corporation sold 9,460 shares of the Thompson Automatic Arms Corporation stock for the account of Matthew J. Hall (petitioner herein) in its fiscal year ended March 31, 1940, it is agreed that Matthew J. Hall realized a short-term capital gain of $25,271.72 in 1939, as a result of the receipt of 9,460 shares *125 of the Thompson Automatic Arms Corporation stock as a distribution in liquidation of the Borall Corporation; and that he sustained a short-term capital loss in 1939 of $2,451.50 on the sale in 1939 by the Borall Corporation for his account of 6,821 shares of said Thompson Automatic Arms Corporation stock. 10. If, however, in the Borall Corporation case the Court decides that the Borall Corporation did not sell 9,460 shares of the Thompson Automatic Arms Corporation stock for the account of Matthew J. Hall, but sold all of the 11,200 shares for its own account, Matthew J. Hall realized a shortterm capital gain of $12,264.22 in 1939 as a result of the receipt of cash liquidating dividends in that year from the Borall Corporation of $24,832.50, on account of his ownership of 4,730 shares of the Borall Corporation preferred stock. 11. Petitioner concedes that the indebtedness of $5,357.50 represented by a note to him by Matthew J. Hall & Co., Inc., did not become worthless in 1939 and that the adjustment of this item in the deficiency notice is proper. Petitioner also concedes that the respondent has correctly disallowed a deduction for taxes claimed in the sum of $250. The parties *126 are agreed that the foregoing stipulation of facts settles by agreement all issues between them except one. That issue is whether sales of certain common stock of the Thompson Automatic Arms Corporation made by the Borall Corporation in the taxable year 1939 were sales of Borall Corporation's own property or whether the sale of 9,460 of these shares was made for the account of petitioner, Matthew J. Hall. In his petition the petitioner alleges with reference to the sale of this stock, among other things, as follows: "(8) The sales of Thompson Automatic Arms Corporation stock by the Borall Corporation were made by said corporation for the account of its stockholders and was directly in pursuance of the resolution adopted at the stockholders' meeting of September 9, 1939, and the transactions involved herein were correctly reflected by the petitioner in his return filed for the period herein involved." This allegation of fact, as well as others made by petitioner with reference to said sale, was denied by respondent in his answer. [Opinion] The parties have agreed in the stipulation that they would be bound by the decision of this Court after it becomes final in the appeal *127 of the Borall Corporation, Docket No. 2841, as to the issues raised concerning the sale of this Thompson Automatic Arms Corporation common stock. In a Memorandum Findings of Fact and Opinion entered by this Court on October 30, 1946, we held upon the evidence that the sale of the stock in question was a sale by the corporation of its own property and that it was taxable on the profits derived from such sales. Our decision was appealed to the Second Circuit and on May 4, 1948, our decision was affirmed in Borall Corporation v. Commissioner, - Fed. (2d) -. Following that decision it is held that the 9,460 shares of common stock of Thompson Automatic Arms Corporation involved in this proceeding were sold by the Borall Corporation for its own account and as its own property and not for the account of petitioner Matthew J. Hall. The transaction should be so treated in a recomputation under Rule 50. As has already been stated, the parties are in agreement as to the facts which will enable such a recomputation to be made under Rule 50. Decision will be entered under Rule 50.